# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Marriage/Children of**
**Matt N., Respondent Below, Petitioner**

**FILED**

November 25, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0090** (Marion County 12-D-221)

**Michele I., Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Matt N.,[1] appearing *pro se*, appeals the order of the Circuit Court of Marion County, entered November 19, 2013, that denied his appeal from the August 20, 2013, order of the Family Court of Marion County. In its August 20, 2013, order, the family court adjudicated (1) respondent Michele I.'s petitions for contempt, (2) respondent's petition to modify custody; (3) respondent's motion to modify child support; and (4) respondent's motion to change the minor child's school. Respondent, by counsel Kristine Burdette, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties lived together in North Carolina from the fall of 2002 to October of 2003. Their child, S.R.I, was born on February 20, 2003. In 2005, the District Court of Wake County, North Carolina, entered a permanent custody order. That court ordered that the parties had joint legal custody of S.R.I., which meant that all major decisions with regard to S.R.I, including school enrollment, must be discussed and mutually agreed upon by the parties. With regard to physical custody, the court designated respondent as the primary custodial parent and gave petitioner "reasonable visitation." Petitioner's visitation amounted to two weekends a month—one weekend in West Virginia, and one weekend in North Carolina—inclusive of holidays, but with two weeks of visitation during S.R.I's summer vacation. The North Carolina court's custody order required petitioner to attend therapy, for as long as it was necessary in his therapist's opinion, because of petitioner's diagnosis of obsessive compulsive personality disorder with narcissistic features.

---

[1] Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and last initials, and identify the child by using her initials only. *See State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

In 2012, the North Carolina court heard respondent's motion for North Carolina to relinquish jurisdiction of custody matters.[2] The court found that (1) North Carolina no longer had continuing, exclusive jurisdiction to determine the parties' custody issues; and (2) West Virginia now constituted a more convenient forum for the parties to litigate custody. The court ruled that its 2005 order remained in full force and effect until superseded by an order from a court of competent jurisdiction and gave respondent sixty days to initiate a custody proceeding in West Virginia.

On May 17, 2012, respondent filed a petition to modify child custody in the Family Court of Marion County, West Virginia. Respondent sought permission to change S.R.I.'s school and to have the family court assume jurisdiction "over *all* child custody matters[.]" (Emphasis added.) Subsequently, by an order, entered April 10, 2013, the family court assumed jurisdiction over the case and preserved petitioner's objection to the same. The family court also set respondent's motion to change S.R.I's school for a hearing on June 14, 2013. The family court noted that "[i]t is not the responsibility of [S.R.I.] to call the other parent" and that "[t]he Court does not want [S.R.I.] relaying messages between the parties." Thus, the family court warned petitioner that if he did not text respondent to inform her that he has picked S.R.I. up from school to begin visitation, "the Court will suspend his visitation." The family court further cautioned petitioner that if he did not provide his required financial disclosure, "he will be held in contempt[.]" At a subsequent hearing, petitioner testified that he received the April 10, 2013, order by mail in April of 2013.

On April 29, 2013, the family court ordered petitioner to provide respondent an index card informing her of the physical address or addresses at which he would be exercising his parenting time during each visitation. The family court found that petitioner "lied to the Court" because the physical address he previously provided the court was actually the address of his post office. The family court found petitioner in contempt for lying to the court and warned petitioner that if he did not begin complying with its orders, it would have no choice but to suspend his parenting time. The family court also found petitioner in contempt because he failed to file his required financial disclosure and ordered that if petitioner continued not to file a complete financial disclosure, the court will (1) use respondent's evidence of what an employee earns in petitioner's field[3] to recalculate petitioner's child support obligation; and (2) entertain respondent's request for attorney's fees. Lastly, the family court noted that the hearing scheduled for June 14, 2013, would "address [S.R.I.]'s school for the 2013/2014 school year, child support, and any other issue properly noticed[.]" At a subsequent hearing, petitioner acknowledged receipt of the April 29, 2013, order by testifying that he followed its instructions on providing respondent an index card for each visitation, to the best of his ability.

Petitioner moved to continue the June 14, 2013, hearing on respondent's motion to change S.R.I's school because a witness who was subpoenaed to appear at the hearing was unavailable to

---

[2] While petitioner still lives in North Carolina, respondent and S.R.I. have resided in West Virginia since October of 2003.

[3] Petitioner is a communications contractor.

2

appear on that date. Respondent did not object to the motion. The family court continued the June 14, 2013, hearing, but did not set a new date for it because the parties needed to find out the witness's availability.

Respondent filed numerous petitions for contempt with regard to (a) petitioner's failure to provide respondent an index card for each visit; and (b) petitioner's failure to produce his complete financial records. At a subsequent hearing, petitioner acknowledged that he received a notice of contempt hearing for July 12, 2013, at 10:00 a.m., and an amended notice of contempt hearing for July 12, 2013, at 2:00 p.m.

At the July 12, 2013, contempt hearing, the family court heard respondent's motion to change S.R.I's school over petitioner's objection so that it could be determined "before school started."[4] Following its consideration of the testimony of the parties and the evidence on regarding attorney's fees, the family court, in pertinent part, (1) designated respondent as the sole decision-maker with regard to S.R.I., including school enrollment; (2) determined that petitioner was in contempt of its prior order that required that he give respondent an index card so that respondent would know where petitioner was taking S.R.I. during his visitation; (3) directed that petitioner's regular visitation shall be one weekend a month with an advance one-week notice to respondent of where S.R.I. will be; (4) ordered that petitioner's summer visitation shall be a total of four weeks, but no more than two weeks at a time, with an advance notice to respondent of his visitation by May 1st of each year; (5) directed that if petitioner fails to give the required notices, he shall forfeit his visitation; (6) found that petitioner was in contempt of its prior orders that required that he file a complete financial disclosure; (7) attributed $73,000 in annual income to petitioner because his most recent financial disclosure was "unresponsive"; (8) increased petitioner's child support obligation to $705.92 per month;[5] and (9) awarded respondent $7,157.50 in attorney's fees.

Petitioner appealed the family court's August 20, 2013, order to the circuit court, which refused petitioner's appeal.[6] In its November 19, 2013, order, the circuit court determined that the

_____

[4] On cross examination, petitioner asked respondent whether school started in September. Respondent indicated that the previous year, S.R.I. started school on or about August 18th.

[5] At the time of the July 12, 2013, hearing, respondent testified that petitioner's child support obligation was $243 per month.

[6] The parties dispute the nature of the circuit court's disposition of petitioner's appeal. Petitioner asserts that the circuit court considered the appeal (and then affirmed the family court's order), which required the circuit court to schedule oral argument because petitioner requested it. *See* Rule 31(c), W.V.R. Prac. & Proc. for Fam. Cts. (providing, in pertinent part, that if the circuit court grants an appeal, and if oral argument is requested in writing, "the granting order shall set forth a date and time for oral argument"). Respondent counters that the circuit court refused petitioner's appeal and, therefore, did not have to hold oral argument. In disposing of . . . petitioner's appeal, the circuit court used the words "affirm," "dismiss," and "deny"; and also made a finding that a hearing was not necessary. We agree with respondent that the circuit court

family court did not abuse its discretion in (a) addressing the above-referenced issues at the July 12, 2013, hearing because petitioner received proper notice of the issues; (b) modifying petitioner's parenting time and making respondent the sole decision-maker based on changed circumstances and the best interests of S.R.I.; (c) attributing $73,000 in annual income to petitioner because the family court warned petitioner that income would be attributed if he did not file a complete financial disclosure; and (d) awarding respondent her attorney's fees because petitioner was warned and because petitioner's actions were "the cause of all the litigation in this case."

Petitioner now appeals to this Court. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

### Petitioner had proper notice of the issues.

Petitioner asserts that he did not receive sufficient notice that the July 12, 2013, hearing would address all the issues pending before the family court. Respondent counters that petitioner received proper notice. We agree with respondent.

We note that at the July 12, 2013, hearing, petitioner acknowledged that he received both the notice and the amended notice of the hearing. At issue is, what matters could be considered at the hearing. First, respondent's petitions for contempt clearly implicated modification of parenting time/decision-making authority and child support in that the petitions alleged that petitioner failed to (1) provide respondent an index card of where S.R.I. was going to be during each visitation; and (2) produce his complete financial records. At the July 12, 2013, hearing, petitioner also testified that he received the April 10, 2013, order by mail and acknowledged receipt of the April 29, 2013, order by testifying that he followed its instructions on providing respondent an index card to the best of his ability. In those orders, the family court cautioned petitioner that if he did not provide a complete financial disclosure and did not keep respondent informed of S.R.I's whereabouts during his visitations,[7] it would find him in contempt, suspend visitation, attribute income to him for the

_____

refused petitioner's appeal and that oral argument was not required. Moreover, even if oral argument was required, the lack of oral argument did not prejudice petitioner because his appeal had no merit. *See* discussion *infra*.

[7] Petitioner complains that, in considering whether he kept respondent informed of S.R.I's whereabouts during his visitations, the family court wrongfully considered incidents that . . . occurred between the time respondent filed her petitions for contempt and the contempt hearing. However, there have been instances where this Court has found that a court properly considered

4

purpose of child support,[8] and consider awarding respondent her attorney's fees. Thus, we conclude that those issues were properly heard at the July 12, 2013, hearing.

Also at issue is whether the family court abused its discretion in hearing respondent's motion to change S.R.I's school at the July 12, 2013, hearing after the original hearing on the motion was continued, but not reset. The original hearing was continued because of the unavailability of a witness. However, the witness testified earlier in the case before a different family court judge, and the family court indicated that it could take judicial notice of the earlier testimony to the extent necessary. The family court was also correct in stating the issue regarding S.R.I's school needed to be determined "before school started." Therefore, we find that the family court did not abuse its discretion in considering respondent's motion to change S.R.I's school and in concluding that petitioner had proper notice of all matters addressed at the July 12, 2013, hearing.

The family court found changed circumstances and considered S.R.I.'s best interests

Petitioner asserts that the family court's findings were inadequate as to whether a substantial change in circumstances occurred and whether the court considered S.R.I.'s best interests. Respondent counters that the family court explained its reasons for modifying petitioner's parenting time and for giving sole decision-making authority to respondent. We agree with respondent.

Pursuant to West Virginia Code § 48-9-401(a), "a court shall modify a parenting plan order if it finds . . . that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child." The family court found that while respondent was the protective parent, petitioner was the parent who created

---

events occurring between the filing of the contempt petition and the holding of the contempt hearing. *See, e.g., Czaja v. Czaja,* 208 W.Va. 62, 72-73, 537 S.E.2d 908, 918-19 (2000). Under the circumstances of the instant case, we find that the family court did not err in considering incidents that occurred after the contempt petitioners were filed, but before the July 12, 2013, hearing was held. Specifically, we conclude that the family court properly considered petitioner's visitation during the weekend of June 21, 2013, when petitioner provided respondent an index card indicating that he and S.R.I. were going to be at the Comfort Inn in Fairmont, West Virginia, but instead took S.R.I. out-of-state to visit his mother in New Hampshire.

[8] Petitioner complains that respondent never filed a stand-alone motion to modify child support. Respondent's counsel explained at the July 12, 2013, hearing that she often includes language in requests for production of a financial disclosure that the purpose of such a disclosure is to determine whether child support needs adjustment. The parties extensively litigated whether petitioner filed a complete financial disclosure and the family court put petitioner on notice that if he did not produce his complete financial records, such a failure could cause it to modify his child support obligation. Therefore, assuming, *arguendo*, that no stand-alone motion to modify child support was filed, we find that petitioner nonetheless received proper notice that his support obligation might be modified.

5

all the drama in S.R.I's life by repeatedly disputing the schools in which respondent enrolls S.R.I. and by putting S.R.I. in the middle of the parties' various confrontations. The family court determined that, in order to eliminate the drama from S.R.I's life, it was going to designate respondent as S.R.I.'s sole decision-maker. The family court noted that the requirement that petitioner provide respondent index cards of where S.R.I was going to be during his visitations proved unworkable because petitioner was uncooperative, and the court became concerned that "if something should happen to [petitioner], the child will not be able to tell [respondent] where she is located." Thus, the family court modified petitioner's parenting time. We conclude that these findings were sufficient to show that a substantial change in circumstances occurred and that S.R.I's best interests were served by the family court's rulings.

### The family court had jurisdiction of child support issue

Petitioner argues that the family court could not modify his child support obligation because the North Carolina court did not relinquish jurisdiction of that issue. However, the North Carolina court's failure to mention child support in its order is not surprising because the court entered its order pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA"), which excludes child support from its ambit. *See* N.C.G.S. § 50A-102(3). Notwithstanding the UCCJEA's exclusion of child support from its provisions, the authority to decide child custody carries with it "the authority . . . to order such other relief as might be deemed necessary, including child support." *Supcoe v. Shearer*, 204 W.Va. 326, 330, 512 S.E.2d 583, 587 (1998). Therefore, we conclude that the family court had jurisdiction over the child support issue.

### The family court properly attributed income to petitioner

Petitioner argues that the family court's decision to attribute income to him is contrary to the child support guidelines. However, West Virginia Code § 48-1-205(b) provides, in pertinent part, that "if there is an inadequate record of the obligor's previous income, the court may, *as a minimum*, base attributed income . . . [on] the federal minimum wage." (Emphasis added.) In the instant case, the family court attributed $73,000 in annual income to petitioner because respondent offered evidence showing what a communicators contractor typically earns. Petitioner disputed respondent's evidence; however, the family court possessed the discretion to consider the evidence, especially in light of the court's finding that petitioner's latest submission about his income was "unresponsive." Thus, we conclude that the family court did not clearly err in attributing $73,000 in annual income to petitioner.

### The family court properly awarded attorney's fees to respondent

Petitioner asserts that the family court erred in awarding respondent her attorney's fees. Respondent counters that her request for attorney's fees was reasonable and supported by pertinent records. We agree with respondent.

Importantly, petitioner does not dispute the family court's authority to award attorney's fees. *See* Syl. Pt. 5, *Wachter v. Wachter*, 216 W.Va. 489, 607 S.E.2d 818 (2004) (providing that an

award of attorney's fees rests within sound discretion of family court and should not be disturbed absent abuse of discretion) Because petitioner disputes only how the family court weighed the evidence with regard to whether attorney's fees should be awarded, we find no merit to his argument. *See* discussion *infra.*

<u>The family court is owed deference in how it weighed the evidence</u>

Generally, petitioner asserts that the family court's various rulings went against the weight of evidence. Respondent counters that petitioner fails to show that any of his assignments of error have merit. We agree and note that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). We conclude that the family court did not abuse its discretion in making any of the challenged rulings.

For the foregoing reasons, we affirm the circuit court's November 19, 2013, order that refused petitioner's appeal from the August 20, 2013, order of the Family Court of Marion County.

Affirmed.

**ISSUED**: November 25, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II